The opinion of the court was delivered by
McEnbry, J.
The defendant was convicted under Sec. 792, Revised Statutes, for wilfully shooting at one Lee Tillman.
The indictment charges that the defendant “ did then wilfully and feloniously assault one Lee Tillman by then and there wilfully and feloniously shooting at the said Lee Tillman.”
After the trial judge had fully charged as to the statutory offence, defendant’s counsel requested him to define what was meant, by “feloniously,” as used in the indictment. The trial judge declined to do so. His ruling was correct.
The offence is charged fully by the use of the word “wilfully.,” *1420 The word “feloniously” employed in the indictment was unnecessary and without meaning.
There was then no reason why the trial judge should explain its meaning to the jury. State vs. Watson, 41 An. 599.
Counsel for defendant offered to prove the character of Tillman to show that he was a dangerous man, and had a bad reputation for peace and quiet.
Prom the statement of the trial judge, appended to the bill of exception, it appears that there was no hostile demonstration made by the person assaulted against defendant.
There is a variance as to the facts between counsel and judge. Under the repeated rulings of this court we accept the statement of the latter.
It is as follows: “The testimony ¡of the five witnesses — Lee Tillman, Stephen Thomas, Wm. Sampson, Robert Webster and Marion ’Boley — who were present, and all who saw the shooting, showed that there were harsh words used and angry feelings generated between Lee Tillman and Ernest Beck about 10 o’clock A. m., before the shooting, which occurred about 12 or 1 o’clock. At the dinner recess at the saw-mill,, where they were working, the defendant went home, armed himself with a pistol and returned. Tillman, with the five witnesses, was sitting where they had eaten dinner. He had in his hands a pocket knife, with which he had eaten, and was at the time whittling upon a stick. Ernest Beck approached about twenty-five feet and called Tillman, sayiug he wished to see him. Tillman refused to go. A second time he was called upon and refused to come. Some mutual bantering then took place, in which Tillman stated, ‘ If you don’t go off I will come, and when I come I will cover you.’ Tillman did not start toward Beck at.that time, but sat still and cursed him. Beck then drew his pistol from his bosom, and as Tillman arose from, or as the witnesses expressed it, ‘ slid down from his seat,’ Beck hollowed to the crowd to get out of the way, and fired. Tillman ran from Beck, and when about twelve or fifteen feet from where he was sitting, Beck fired again at Tillman while running.
“ It is true that the defendant himself testified as stated in his bill,, but is contradicted by all other witnesses who were present.”
The trial judge evidently believed all the witnesses rather than the sole testimony of defendant. In such a case he is necessarily clothed *1421 with the authority to decide whether a proper foundation had been laid for the introduction of evidence as to character. State of Louisiana vs. Ford, 37 An. 443; State of Louisiana vs. Harris, 45 An. 843; State vs. Green, * infra.
From the statement of the trial judge it appears that the defendant was the aggressor.
Judgment affirmed.